■ In the Matter of JAMES LAWSON, Respondent, v GREENBURGH CENTRAL SCHOOL DISTRICT NUMBER 7 et al., Appellants.—In a proceeding pursuant to CPLR article 78 *inter alia* to annul a determination dismissing petitioner from his employment, which proceeding, by the terms of an order of the Supreme Court, Westchester County, dated May 5, 1975, has been deemed a plenary action for a declaratory judgment and related relief, the appeal, as limited by appellants' brief, is from so much of the said order as denied their motion to dismiss the petition. Permission for the taking of this appeal is hereby granted by Acting Presiding Justice Rabin. Order affirmed, insofar as appealed from with $50 costs and disbursements. Petitioner Lawson was a school bus driver in the employ of the Shore Transportation Co. (Shore) in 1974. Shore had contracted with the appellant Central School District. to supply school bus service for students in the district; the contract provided that the drivers "shall be persons of good character, reputation and competence" and that *"Each driver shall be subject to approval by the Board which reserves the right to demand the removal from its contract transportation any driver whose performance is not up to standard"* (emphasis supplied). On November 15, 1974, the appellant central school district's acting supervisor of transportation allegedly observed Lawson tailgating and passing another bus, driving in an erratic manner and nearly striking a group of children. After these allegations were relayed to Shore's president in a letter which stated that Lawson would no longer be allowed to drive a bus in the district, Shore discharged him from its employment. Lawson commenced this proceeding to annul that dismissal and to compel appellants to grant him an evidentiary hearing on the allegations which led to the discharge. Appellants' motion to dismiss the petition was denied; on appeal they do not challenge the conversion of the proceeding into a declaratory judgment action. The denial of appellants' motion was proper. The only issue before this court at this stage of the proceedings is whether the petition (now a complaint) fails to state a cause of action merely because of the absence of a direct employer-employee relationship between Lawson and appellants. We express no opinion on the question whether Lawson's rights of liberty or property were infringed upon or whether the cause of action stated has merit; those issues are not now properly before us; they should be decided in the first instance after a trial. By virtue of the terms of the contract between Shore and appellants, the latter had substantial control over the hiring and dismissal of school bus drivers. The substantial contractual control enjoyed by the school board is buttressed by statute and pertinent regulations (see Education Law, § 3624; 8 NYCRR 156.13 [e]). In

such circumstances, the fact that Lawson was not directly employed by the school district does not, in and of itself, preclude a right to notice and a hearing prior to the termination of employment (see *Cafeteria Workers v McElroy,* 367 US 886). On the other hand, we should not be understood as deciding that Lawson is entitled to procedural due process safeguards simply because of the direct and substantial nature of the control over his employment situation held by appellants. Such a determination necessarily depends upon whether Lawson can demonstrate an infringement upon his constitutionally protected rights of liberty and property (see *Board of Regents v Roth,* 408 US 564; *Wisconsin v Constantineau,* 400 US 433, 436–437; *Endler v Schutzbank,* 68 Cal 2d 162). We hold only that Lawson has stated a valid cause of action claiming entitlement to procedural due process protections. Rabin, Acting P. J., Hopkins, Martuscello, Brennan and Munder, JJ., concur.