OPINION OF THE COURT
Vincent R. Balletta, J.
In this proceeding under CPLR article 78, petitioner seeks a judgment requiring the respondent Board of Education (Board) to certify and approve her as a school bus driver within its school district so that she may function as such in the employ of respondent, United Bus Corporation (United), which is under contract with the respondent Board, to furnish school bus service within the district.
Petitioner was previously employed in the aforesaid capacity but was denied recertification under section 3624 of the Education Law, which states: “Drivers. The commissioner shall determine and define the qualifications of drivers and shall make the rules and regulations governing the operation of all transportation facilities used by pupils which rules and regulations shall include, but not be limited to, prohibitions relating to smoking, eating and drinking and any and all other acts or conduct which would otherwise impair the safe operation of such transportation facilities while actually being used for the transport of pupils. The employment of each driver shall be approved by *311 the chief school administrator of a school district for each school bus operated within his district. For the purpose of determining his physical fitness, each driver may be examined on order of the chief school administrator by a duly licensed physician within two weeks prior to the beginning of service in each school year as a school bus driver. The report of the physician, in writing, shall be considered by the chief school administrator in determining the fitness of the driver to operate or continue to operate any transportation facilities used by pupils.” (Emphasis supplied.)
As a consequence of the denial of recertification, the petitioner became ineligible to serve as a school bus driver within the William Floyd School District. The petitioner allegedly remained as an employee of United and could have continued to operate its school buses in another of the school districts serviced by her employer.
The thrust of the petition is the claim by the petitioner that the respondent school district acted in an arbitrary, capricious and unconstitutional manner in refusing to certify the petitioner’s continued eligibility to drive a school bus in the William Floyd School District without first filing charges against her and providing her with a due process hearing. The petitioner seeks to annul the determination of the respondent Board and Superintendent of Schools, and a judgment directing that the respondents provide her with all lost back pay.
In support of her position, petitioner relies heavily upon Matter of Lawson v Greenburgh Cent. School Dist. (50 AD2d 893). In Lawson, the court indicated that the fact that the petitioner was a school bus driver not directly employed by the school district did not, in and of itself, preclude a notice and hearing prior to a determination. However, the court went on to state (at p 894) that its decision: “should not be understood as deciding that Lawson is entitled to procedural due process safeguards simply because of the direct and substantial nature of the control over his employment situation held by appellants. Such a determination necessarily depends upon whether Lawson can demonstrate an infringement upon his constitutionally protected rights of liberty and property (see Board of Regents v Roth, 408 US 564; Wisconsin v Constan *312 tineau, 400 US 433, 436-437; Endler v Schutzbank, 68 Cal 2d 162).”
In Board of Regents v Roth (408 US 564), the United States Supreme Court was presented with a situation in which a college professor was dismissed from a State university after one year of employment without first providing him with a hearing. The respondent in that case thereafter instituted proceedings in the Federal court, arguing that the failure to provide him with a hearing was a denial of his constitutional right to procedural due process of law. The Supreme Court reversed the District Court and the Court of Appeals, stating that the respondent did not have a constitutional right to a hearing in connection with the university’s failure to continue the respondent’s employment. In its decision, the court stated (at p 573):
“The State, in declining to rehire the respondent, did not make any charge against him that might seriously damage his standing and associations in his community. It did not base the nonrenewal of his contract on a charge, for example, that he had been guilty of dishonesty, or immorality. Had it done so, this would be a different case * * *
“Similarly, there is no suggestion that the State, in declining to re-employ the respondent, imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities.”
As indicated in Lawson (supra), and Board of Regents (supra), the burden is on the petitioner to establish that some constitutionally protected liberty or property has been taken away from her before she is entitled to a procedural due process hearing. In the instant case, this has not been shown or even alleged. Nowhere in the petition or any of the petitioner’s papers is there an allegation that a constitutionally protected liberty or procedural right has been taken away from her.
Additionally, the court also notes in examining the entire court file, that the affidavit of respondent United’s bus dispatcher indicates in no uncertain terms that the petitioner was continued as an employee of respondent United and offered the opportunity to drive in several other school districts. Moreover, there is no affidavit whatsoever refuting the alleged offer of continued employment. The state *313 ment of the petitioner’s attorney is not made by one with knowledge of the facts and is therefore of no probative value. (Sutton v East Riv. Sav. Bank, 55 NY2d 550.)
It is the judgment of this court that since the petitioner has failed to establish her entitlement to a due process hearing, and further, since she has failed to even establish any damages, the petition shall be dismissed in its entirety.