OPINION OF THE COURT
William H. Keniry, J.
The central issue in this proceeding initiated under CPLR article 78 is whether or not petitioner Roland Marcotte was improperly terminated from his job as a school bus driver for the respondent Corinth Central School District (the School District).
The facts which underlie this proceeding are essentially undisputed. Petitioner was first hired as a school bus driver in 1990 and received a permanent appointment in 1992. In July 1994 petitioner was notified that he had to take a routine physical examination required of all school bus drivers by article 19-A of the Vehicle and Traffic Law and was asked to make an appointment with the School District’s physician, Dr. Richard S. Thomas, before the school year began. Petitioner was examined by Dr. Thomas on July 27, 1994. Dr. Thomas certified that petitioner was not physically or medically qualified to drive a school bus because he "suspect[s] possible alcoholism— may pose significant risk for driving — needs follow-up”. The School District suspended petitioner on September 13, 1994 because he was "judged by our school physician as being unqualified to drive a school bus”. Petitioner then complied with the School District’s suggestion that he submit to an independent evaluation by an alcohol rehabilitation counselor. The counselor recommended that petitioner complete a six-month long counseling/rehabilitation program. The School District reinstated petitioner on the condition that he complete the recommended counseling/rehabilitation program. On January 31, 1995 petitioner informed the School District that he had stopped participating in the rehabilitation program, which included attending meetings of Alcoholics Anonymous, in December 1994. Petitioner was immediately suspended without *883 pay and, later, after filing a grievance and appearing before the School Board for an informal hearing accompanied by two union representatives, was terminated from his position.
The substance of petitioner’s claim is that the School District discharged him without complying with section 72 of the Civil Service Law and that petitioner was suspended and discharged in violation of his constitutional right of due process. Petitioner further contends that the School District violated section 296 of the Executive Law by wrongfully discharging him and discriminated against a person with an alleged disability, i.e., an alcohol problem. Petitioner avers that the School District’s actions were illegal, arbitrary and capricious, and in error of law and he seeks reinstatement with full back pay and benefits.
The respondent School District denies all claims of wrongdoing and urges that petitioner’s failure to obtain medical certification of his fitness to operate a school bus and his subsequent refusal to complete the rehabilitation program as he had agreed to do disqualified petitioner from his position as a school bus driver and that the School District’s only recourse was to terminate him.
The resolution of the dispute compels the court to consider the requirements of article 19-A of the Vehicle and Traffic Law which sets the qualifications of all bus drivers, including school bus drivers, vis-a-vis the rights afforded to public employees, such as petitioner, under the Civil Service Law.
Education Law § 3624 mandates that the chief administrator of a school district approve the employment of all bus drivers. Article 19-A of the Vehicle and Traffic Law is entitled "Special Requirements for Bus Drivers”. Section 509-b provides, in relevant part, that "a person shall be qualified to operate a bus only if such person * * * (3) has passed the bus driver physical examination administered pursuant to regulations established by the commissioner [of motor vehicles]”. Article 19-A covers drivers of school buses (§ 509-a); mandates compliance with its provisions by all motor carriers including school districts such as respondent (§ 509-j); and provides for the imposition of penalties for the violation of any provision (§ 509-o). The State Commissioner of Motor Vehicles has promulgated regulations governing compliance with article 19-A (15 NYCRR part 6) and prefaces the regulations noting that article 19-A was enacted to "further highway safety by creating standards for qualifying bus drivers”. (15 NYCRR. 6.1.) The regulations mandate that all bus drivers submit to biannual medical examinations *884 to insure that they are "physically qualified” and specify, as one of the criteria as to whether or not a driver is physically qualified, that he or she have "no current clinical diagnosis of alcoholism” (15 NYCRR 6.11 [b] [13]).
Respondent School District contends that upon learning that petitioner had not been certified as being physically qualified to operate a school bus it had no choice but to immediately suspend him. Respondent avers that it then contacted the State Department of Motor Vehicles and was advised of the procedure to follow concerning petitioner’s lack of certification beginning with requiring petitioner to be evaluated by an independent counselor. Petitioner was evaluated and agreed to participate in a recommended six-month treatment/rehabilitation program as a condition to being provisionally reinstated to his position. Petitioner does not aver that he was ever certified as being physically qualified to drive a school bus but only that the School District permitted him to continue his employment on a conditional basis. When petitioner informed the School District of his intentional noncompliance with the condition, the School District suspended him a second time and ultimately terminated him on the ground that he was not eligible to operate a school bus (see, Matter of Morales v Board of Educ., 125 Misc 2d 310).
Petitioner’s primary argument is that, as a permanent civil service employee, the School District had to comply with section 72 of the Civil Service Law before suspending and discharging him. Section 72 outlines the procedure which a public employer must follow when it contends that an employee is unable to perform his or her job by reason of a disability. Section 72 sets a detailed framework which must be followed by the public employer in such a case. Respondent concedes that section 72 was not followed but argues that the statute was not applicable.
It is important to remember that this is not a case in which the School District acted to remove a qualified bus driver from his position because of a claim that he was unable to perform because of a disability but rather this is a case in which petitioner presented himself at the start of the 1994-1995 school year without having received the medical certification needed by all bus drivers in the State. He simply was not then eligible to drive a school bus. The case would be different if petitioner had been certified by the school’s physician and the School District subsequently initiated a proceeding to *885 remove him based upon a claim that he had a drinking problem. Here petitioner failed to present himself at the start of the 1994-1995 school year with the minimum necessary qualifications to drive a school bus.
The issue before the court is not whether or not Dr. Thomas was correct in his initial assessment of petitioner, but whether or not, after Dr. Thomas refused to certify that petitioner was qualified to operate a school bus, petitioner automatically lost his eligibility to be a school bus driver mandating that the School District end his employment. The court holds that article 19-A of the Vehicle and Traffic Law not Civil Service Law § 72 governs the disposition of this proceeding and that the respondent School District’s actions thereunder were not illegal, arbitrary or capricious, or in error of law.
Petitioner’s cause of action premised upon section 296 of the Executive Law also fails as a matter of law. Section 296 covers situations in which an employee is wrongfully discharged because of a disability, such as alcoholism, but a petitioner’s claim that an employer engaged in an unlawful discriminatory practice can only be pursued as permitted by section 297 of the Executive Law, namely by initiating an administrative proceeding before the State Division of Human Rights or by bringing an action for damages. A claim alleging a violation of section 296 cannot be pursued in a CPLR article 78 proceeding.
The petition is dismissed without costs.